## FRANK BELMONT VALENTINE v. DAVID PENDER GROCERY COMPANY AND LIBERTY MUTUAL INSURANCE COMPANY.

(Filed 28 September, 1938.)

APPEAL from *Parker, J.,* at June Term, 1938, of WILSON. Affirmed.

This was a proceeding under the North Carolina Workmen's Compensation Act. Plaintiff claimed compensation for a personal injury by accident arising out of and in the course of his employment by defendant Grocery Company, resulting in hernia. The Industrial Commission found from the evidence that plaintiff did not sustain an injury by accident resulting in hernia, and denied compensation. Upon appeal to the Superior Court the findings and ruling of the Industrial Commission were affirmed. Plaintiff appealed to the Supreme Court.

*S. L. Arrington for plaintiff, appellant.*

*Wm. H. Yarborough, Jr., and J. M. Broughton for defendants, appellees.*

PER CURIAM. The findings of fact of the Industrial Commission on plaintiff's claim, being supported by evidence, are conclusive on appeal (*Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356), and judgment is

Affirmed.

## MRS. JOHN THOMAS JOHNSTON ET AL. v. HALIFAX PAPER COMPANY ET AL.

(Filed 12 October, 1938.)

**Appeal and Error § 38—**

When the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the Superior Court will be affirmed without becoming a precedent.

APPEAL by defendants from *Parker, J.,* at August Term, 1938, of HALIFAX.

Proceeding under Workmen's Compensation Act to determine liability of defendants to next of kin of John Thomas Johnston, deceased employee.

The Industrial Commission overruled the trial Commissioner and awarded compensation. This was affirmed on appeal to the Superior Court.

Defendants appeal, assigning as error the insufficiency of the evidence to support the award.

*Gold, McAnally & Gold and Long & Crew for plaintiffs, appellees.*
*Sapp & Sapp for defendants, appellants.*

PER CURIAM. One member of the Court, *Schenck, J.,* not sitting, and the remaining six being equally divided in opinion as to the sufficiency of the evidence to support the award, the judgment of the Superior Court is affirmed in accordance with the usual practice in such cases, and stands as the decision in the present case, without becoming a precedent. *Cole v. R. R.,* 211 N. C., 591, 191 S. E., 353.

Affirmed.

---

W. J. MUNDEN v. L. H. WINDHOLZ AND M. S. HAWKINS, RECEIVERS FOR NORFOLK SOUTHERN RAILROAD COMPANY, A CORPORATION.

(Filed 12 October, 1938.)

APPEAL by plaintiff from *Parker, J.,* at February Term, 1938, of PASQUOTANK. Affirmed.

This is an action brought by plaintiff against defendant for false arrest and imprisonment. The action was removed for trial to the U. S. District Court for the Eastern District of North Carolina. At the July Term, 1937, the following judgment was rendered by Judge Meekins:

"This cause coming now to be heard, and at the close of all the testimony the defendants renewed their motion for judgment as of nonsuit and the court intimated its willingness to grant said motion. Whereupon plaintiff asked leave of the court to take a voluntary nonsuit, and upon motion to that effect the same was allowed, and judgment of voluntary nonsuit is accordingly entered herein."

The action was brought thereafter in the Superior Court of North Carolina and to acquire jurisdiction the demand for damages was reduced to $2,500. The judgment of Parker, J., in the court below, in part, is as follows:

"That if this action is not *res adjudicata* that the plaintiff has not offered sufficient evidence to entitle him to go to the jury and that the case, in any event, if the plea of *res adjudicata* is not tenable, should be nonsuited, it is now, therefore, ordered and decreed by the court that the action be, and it hereby is dismissed and nonsuited, and the plaintiff is taxed with the costs."